IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Criminal No. 03-0203 |
| | ) |
| EXTREME ASSOCIATES, INC., | ) |
| ROBERT ZICARI, and JANET | ) |
| ROMANO | ) |
| Defendants. | ) |

## ORDER OF COURT

The parties are familiar with the background, history, and issues in this case and thus they will not be repeated here. We need only state that this is a criminal prosecution charging nine counts of violating the federal obscenity statutes and one count of conspiracy based on that conduct. 18 U.S.C. §§ 371, 1461, and 1465. Defendants are in the business of making and selling sexually explicit films. Their business is located in California.

Specifically, the United States has charged defendants Extreme Associates, Inc., Robert Zicari, and Janet Romano with distribution of obscene material via the mails (Counts 2 through 4), and distribution of obscene materials via an interactive computer service, i.e., the Internet (Counts 5 through 10). Count one is a conspiracy charge based on that conduct. The materials charged in Counts 2 through 4 are video tapes ordered from defendants' commercial website, and sent to investigators

in this judicial district. The materials charged at Counts 5 through 10 are digital video files downloaded by investigators in this judicial district from defendants' members only website. They appear to be short segments, or clips, taken from longer works.

Defendants previously filed a motion to dismiss the indictment arguing that the federal obscenity statutes infringe on the rights of liberty and privacy guaranteed by the due process clause of the United States Constitution. [Doc. Nos. 14 and 15]. This court granted the motion and dismissed the indictment. [Doc. No. 40]; U.S. v. Extreme Associates, Inc., 352 F.Supp.2d 578 (W.D. Pa. 2005). The Court of Appeals for the Third Circuit reversed. U.S. v. Extreme Associates, Inc., 431 F.3d 150 (3d Cir. 2005). Defendants petitioned the United States Supreme Court for a writ of certiorari, which was denied on June 30, 2006. Extreme Associates, Inc. v. U.S., 126 S.Ct. 2048 (2006).

Before the court is defendants' second motion to dismiss the indictment. In the alternative, defendants move for a pretrial ruling regarding how the Miller test will be applied to the facts of this case. Defendants contend that we should dismiss the indictment on the grounds that the Miller test is

unconstitutional when applied to materials available via the Internet because neither the "as a whole", nor the "community standards" elements of the _Miller_ test can be applied in an online context. Defendants also argue that the federal obscenity statutes are unconstitutional because they are overbroad and that the digital video clips charged in counts 5 thorough 10 of the indictment do not qualify as tangible material under the statutes.

In the alternative, defendants seek a pretrial ruling as to how the "as a whole" and "community standards" elements of the _Miller_ test will be applied to this case. According to defendants, as to Counts 5 through 10, consideration of the work "as a whole" must include a review of the entire Extreme Associates website, not simply the short video clips downloaded by investigators. Defendants further contend that the relevant community for the "community standards" test should be the entire worldwide web audience, or, if not, then California, where the films were created.

The parties' briefs were excellently done and the court appreciates the professional effort and time the parties committed to the matter. Nevertheless, we need not dwell on the motion to dismiss at length. The criminal obscenity statutes at issue, as well as the _Miller_ test, have repeatedly been deemed

constitutional. The court of appeals, in substance, held, in its opinion reversing our decision on the first motion to dismiss, that even if the statutes, and applicable standards, have been called into question due to subsequent events, if there is going to be a change in the law it must come from the top down, not from the bottom up. <u>United States of America v. Extreme Associates, Inc.</u>, 431 F.3d at 155 (stating that lower courts should follow the case that directly controls, leaving to the higher court the "prerogative of overruling its own decisions"). There is no controlling authority holding that the federal obscenity statutes, or the <u>Miller</u> test, are unconstitutional as applied to materials available via the Internet. Therefore, for that reason, we deny the defendants' second motion to dismiss.

That does not mean, however, that the issues raised by the defendants, and the case law they have cited in support, are irrelevant. Indeed, what is meant by "community standards" and "as a whole" in relation to materials transported via the Internet are centrally important to the trial of this matter. These factors will affect the court's rulings on relevant evidentiary issues and the admissibility of evidence, as well as the drafting of jury instructions, and perhaps even jury selection. Therefore, I will deem the issues raised by defendants' motion for a pretrial ruling as motions <u>in limine</u>,

4

which I will address, along with the other pending motions <u>in limine</u>, after oral argument at a set date.

BY THE COURT:

_____ J.

Date: 7/30/07

cc:   All Counsel of Record