

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219        412/644-3500


February 20, 2009


H. Louis Sirkin, Esquire
Jennifer M. Kinsley, Esquire
Suite 920
105 West Fourth Street
Cincinnati, OH  45202-2776

Re:  United States of America v.
     Extreme Associates, Inc.
     Criminal No. 03-203

Dear Mr. Sirkin and Ms. Kinsley:

This letter sets forth the agreement by which your client, Extreme Associates, Inc., will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Extreme Associates, Inc. and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Extreme Associates, Inc. will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.  The defendant, Extreme Associates, Inc., agrees to the following:

        1.  It will enter a plea of guilty to Count One of the Indictment at Criminal No. 03-203, charging it with conspiracy to distribute obscene materials through

February 20, 2009
Page 2

>    the mails and the use of an interactive computer service, in violation of Title 18, United States Code, Section 371, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.
>
> 2. It acknowledges its responsibility for the conduct charged in Counts Two through Ten of the Indictment at Criminal No. 03-203 and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.
>
> 3. It will voluntarily forfeit to the United States the internet domain name, extremeassociates.com, and it acknowledges that it used the domain name to commit the violations charged in the Indictment. It acknowledges that all property traceable to the proceeds of the offenses set forth in the Indictment has been dissipated.
>
> 4. Upon request of the United States, it agrees to provide all information regarding its income, assets and financial status. It agrees to submit to interviews of its corporate representative as to these matters and complete a financial statement under oath.
>
> 5. At the time Extreme Associates, Inc. enters its plea of guilty, it will deposit a special assessment of $400 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.
>
> 6. Extreme Associates, Inc. waives the right to take a direct appeal from its conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
>
>     (a) If the United States appeals from the sentence, Extreme Associates, Inc. may take a direct appeal from the sentence.

February 20, 2009
Page 3

    (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Extreme Associates, Inc. may take a direct appeal from the sentence.

    (c)    Extreme Associates, Inc. may take a direct appeal from the sentence limited to the following issues: (1) Any dispute regarding which version of the Sentencing Guidelines is applicable; and (2) whether the four level guideline enhancement for offenses involving material that portrays sadistic or masochistic conduct or other depictions of violence is applicable.

The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

Extreme Associates, Inc. further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking its conviction or sentence, and the right to file any other collateral proceeding attacking its conviction or sentence.

B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

    1.    After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Indictment at Criminal No. 03-203, without prejudice to their reinstatement if, at any time, Extreme Associates, Inc. is permitted to withdraw its plea of guilty. In that event, Extreme Associates, Inc. waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement. Except as set forth in paragraph (A)(3) above, the United States also agrees to dismiss the forfeiture allegations contained in the Indictment.

February 20, 2009
Page 4

    2.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Extreme Associates, Inc. in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

    3.    Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and Extreme Associates, Inc. timely notified authorities of its intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

    4.    The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    Extreme Associates, Inc. and the United States Attorney further understand and agree to the following:

    1.    The penalty that may be imposed upon Extreme Associates, Inc. is:

        (a)    A term of probation of up to five (5) years;

        (b)    A fine of $500,000;

        (c)    A special assessment under 18 U.S.C. §3013 of $400.00.

    2.    The parties stipulate that the base offense level under Section 2G3.1(a) of the Sentencing Guidelines is 10. The parties agree that the base offense level should be increased by five (5) levels pursuant to Section 2G3.1(b)(1)(A) (distribution for pecuniary gain). The parties agree to litigate the issue of which version of the Sentencing Guidelines is applicable (2002 or current) and the

February 20, 2009
Page 5

> applicability of the 4 level enhancement under Section 2G3.1 for offenses involving material that portrays sadistic or masochistic conduct or other depictions of violence. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

3. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Extreme Associates, Inc. acknowledges that the willful failure to pay any fine may subject it to additional criminal and civil penalties under 18 U.S.C. §3611 et seq.

4. This agreement does not preclude the government from pursuing any civil or administrative remedies against Extreme Associates, Inc. or its property.

5. The parties agree that, although charges are to be dismissed pursuant to this agreement, Extreme Associates, Inc. is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). Extreme Associates, Inc. waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between Extreme Associates, Inc. and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

MARY BETH BUCHANAN
United States Attorney

February 20, 2009
Page 6


As the authorized corporate representative of Extreme Associates, Inc., I have received this letter from our attorneys, H. Louis Sirkin, Esquire, and Jennifer M. Kinsley, Esquire, have read it and discussed it with them, and I hereby accept it and acknowledge that it fully sets forth the agreement of Extreme Associates, Inc. with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to Extreme Associates, Inc. by any agents or officials of the United States in connection with this matter.

*[signature]*
EXTREME ASSOCIATES, INC.
by ROBERT ZICARI

3-11-09
Date

Witnessed by:

*[signature]*
H. LOUIS SIRKIN, ESQUIRE

*[signature]*
JENNIFER M. KINSLEY, ESQUIRE
Counsel for Extreme Associates, Inc.